IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : No. 1:19-bk–05328-HWV
    AFFINITI PA, LLC :
        Debtor : Chapter 7
         :

GLOBAL LEVERAGED :
CAPITAL ADVISORS, LLC :
        Movant :
         :
    v. :
         :
AFFINITI PA, LLC and :
LEON P. HALLER, TRUSTEE :
        Respondents :

**MOTION OF GLOBAL LEVERAGED CAPITAL ADVISORS, LLC
FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO
SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE**

The Motion of Global Leveraged Capital Advisors, LLC ("Movant") for Relief from

the Automatic Stay in the Chapter 7 Case of Affiniti PA, LLC ("Debtor") Pursuant to

Section 362 of the United States Bankruptcy Code (the "Motion"), is as follows:

    1.     On December 13, 2019, the Debtor filed a Petition under Chapter 7 of the

United States Bankruptcy Code to the above captioned case number.

    2.     Leon P. Haller, Esquire was appointed as the Chapter 7 Trustee in this case

(the "Trustee").

    3.     On or about March 31, 2014, Movant, as the agent for certain lender parties,

entered into a Credit Agreement dated March 31, 2014 (the "Credit Agreement"). A true

and correct copy of such Credit Agreement is attached hereto as Exhibit "A" and made a

part hereof.

4.      Schedule B to the Credit Agreement sets forth the identity of the lender entities for whom Movant is the agent.

5.      Pursuant to the Credit Agreement, Movant is authorized to take all steps on behalf of the lender concerning the Credit Agreement and all ancillary documents thereto, including, but not limited to, any documents granting collateral in connection with such Credit Agreement.

6.      The Credit Agreement sets forth a loan of $11,900,243.40 as made by the lender to the Debtor.

7.      The Debtor's Bankruptcy Schedules set forth that Movant has a secured Claim in the amount of $13,470,604.38.

8.      Pursuant to that certain Security Agreement (the "Security Agreement") dated as of March 31, 2014, the Debtor granted to Movant a security interest in all right, title and interest in, to and under all personal property and other assets then owned by or thereafter acquired by the Debtor, as more fully set forth in Section 2(a) of the Security Agreement (the "Collateral").  A true and correct copy of the Security Agreement is attached hereto as Exhibit "B" and made a part hereof.

9.      The Debtor sets forth in its Bankruptcy Schedules that it owns certain personal property including, but not limited to, a checking account having approximately $436,000.00 therein, accounts receivable of approximately $68,000.00, office furniture, fixtures and equipment having a value of approximately $128,850.00, various other intangibles and intellectual property having a value of approximately $92,000.00 and an unsecured proof of claim in a bankruptcy case in Austin, Texas having a value of

$100,000.00. The scheduled value of all such personal property is $824,832.68. All of the above items are included in the Collateral granted to the Movant.

10. The security interest in the Collateral granted in the Security Agreement is evidenced by an appropriate UCC Financial Statement as filed with the Secretary of State of Delaware initially filed to No. 20141260025. A true and correct copy of the UCC Financing Statement is attached hereto as Exhibit "C" and made a part hereof.

11. Section 362(d) of the Bankruptcy Code (11 U.S.C. §362(d)) provides that the Court shall grant relief from the automatic stay:

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

12. Section 362(d)(2) of the Bankruptcy Code (11 U.S.C §362(d)(2)) further provides the Court shall grant relief from the stay:

> (2) with respect to a stay of an act against property under subsection (1) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;

13. Based upon the value of the personal property of the Debtor, Movant does not have adequate protection for its secured interest in such Collateral. Thus, cause exists for the Court to grant relief from the stay pursuant to Section 362(d)(1).

14. In addition, based upon the value of the Collateral and the amount owed to Movant, the Debtor does not have equity in such Collateral.

15. Because this case is a Chapter 7 Case, and reorganization is not occurring, the Collateral is not property which is necessary to an effective reorganization.

16. For all of the above reasons, the Court should grant relief from the stay permitting Movant to exercise its state court remedies with respect to the Collateral.

**WHEREFORE,** it is respectfully requested this Honorable Court terminate the automatic stay with respect to all personal property of the Debtor and permit Global Leveraged Capital Advisors, LLC, to exercise all of its appropriate remedies as to such personal property and the Collateral granted by the Debtor to Global Leveraged Capital Advisors, LLC, and that Global Leveraged Capital Advisors, LLC have such other and further relief as is just and proper.

Respectfully submitted:

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By: /s/ Robert E. Chernicoff
    Robert E. Chernicoff, Esquire
    Attorney I.D. No. 23380
    2320 North Second Street
    P. O. Box 60457
    Harrisburg, PA 17106-0457
    (717) 238-6570

Date: April 24, 2020